United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11140
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH NUNEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-111-1-Y
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joseph Nunez appeals his guilty-plea conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A).

Nunez, the driver and owner of the commercial truck in which the controlled substance was discovered, argues that the district court erred when it denied his suppression motion. In his plea agreement he reserved the right to appeal the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of his suppression motion. Nunez argues that his Fourth Amendment rights were violated when a Texas state trooper detained him and searched his truck after the initial purpose for the commercial vehicle inspection was satisfied, that the consent that he gave to the trooper was vitiated by the taint of the Fourth Amendment violation, and that statements made after his arrest were the tainted fruit of the unconstitutional search.

The initial basis for the stop of Nunez' truck was a commercial inspection pursuant to TEX. TRANSP. CODE ANN. § 644.103(a), which authorizes Texas Department of Public Safety (TDPS) officers to "stop, enter, or detain on a highway" a commercial motor vehicle for inspection. See United States v. Fort, 248 F.3d 475, 479-82 (5th Cir. 2001).

The TDPS state trooper who conducted the search had over 30 years' experience in the division of TDPS responsible for enforcing motor carrier safety regulations and inspecting vehicles for size, weight, and moving traffic violations. During the search, the trooper developed a reasonable suspicion that criminal activity was occurring. He articulated the basis of his suspicion at the suppression hearing by noting: Nunez' nervousness; the fact that Nunez' co-driver initially jumped out of the sleeper compartment unclothed to see what was going on and then dressed like he was prepared to go somewhere, instead of continuing with his break; Nunez' logbook indicated that Nunez had taken off a large amount of time in February, the month before the search and seizure; and the

2

logbook indicated that Nunez had taken a longer than normal amount of time to acquire his load in Arizona.

The trooper testified at the hearing in detail why, in his considerable experience in the inspection of commercial trucks, each of the foregoing factors was unusual and led him to believe that criminal activity was occurring. The continued detention therefore did not violate the Fourth Amendment. See United States v. Valadez, 267 F.3d 395, 397 (5th Cir. 2001) (after the purpose for the traffic stop is satisfied, the detention must end unless there is reasonable suspicion to continue it); United States v. Santiago, 310 F.3d 336, 340 (5th Cir. 2002) (reasonable suspicion exists when the detaining officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure); United States v. Jones, 234 F.3d 234, 241 (5th Cir. 2000) (this court looks at the totality of the circumstances and considers the collective knowledge and experience of the officers involved when determining whether reasonable suspicion exists to justify continued detention).

Moreover, before the search of the interior of the truck, the trooper secured Nunez' consent. Nunez' argument that his consent was invalid is premised on his argument that his detention was unconstitutional. Since Nunez' detention did not violate the Fourth Amendment, Nunez' argument on this issue fails.

Nunez also argues that the continued detention exceeded the

3

scope authorized by <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), and cases applying <u>Terry</u>. However, the record indicates that Nunez did not withdraw his consent during the search and the trooper's suspicion increased as the search progressed, since when the trooper entered the truck he discovered a secret compartment hidden under the bed, which the owner of the truck could not open. Thus, continued detention until the compartment could be searched was warranted and under these circumstances no Fourth Amendment violation occurred. See <u>Jones</u>, 234 F.3d at 241.

Finally, Nunez' argument that the district court erred when it did not suppress his confession fails, since this argument is also premised on his argument that the detention and search violated the Fourth Amendment.

The district court's judgment is therefore AFFIRMED.